UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA LETICIA SOTO, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:18-cv-2286-KJN <br><br> <u>ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT</u> <br><br> (ECF Nos. 13, 22) |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security denying her application for Disability Insurance Benefits under Title II of the Social Security Act.[1] In her summary judgment motion, Plaintiff contends: (A) the Administrative Law Judge ("ALJ") erred by understating the functional impacts of her vision impairment, cardiac condition, and need for an assistive device; and (B) the Appeals Council erred in failing to remand her case for the ALJ to consider new evidence. The Commissioner opposed, and filed a cross–motion for summary judgment.

The Court herein DENIES Plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion, and AFFIRMS the Commissioner's decision.

---

[1] This action was referred to the undersigned under 28 U.S.C. § 636(b) and Local Rule 302(c)(15). Thereafter, both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes under 28 U.S.C. § 636(c)(1). (ECF Nos. 6, 8.)

1

# I. BACKGROUND AND ALJ'S FIVE–STEP ANALYSIS[2]

Plaintiff stopped working in April of 2014, and on October 7, 2014, she applied for disability insurance benefits. (Administrative Transcript ("AT") 399–406.) She asserted she had the following medical conditions: "suffered a stroke, open heart surgery, diabetes, high blood pressure, [and] right eye surgery." (AT 316.) Plaintiff's application was denied in the initial phase and again upon reconsideration. (AT 326, 338.) Plaintiff sought review of these denials with an ALJ, and waived her right to representation. (AT 355.) At a November 6, 2016 hearing, Plaintiff testified about her conditions, and the ALJ heard testimony from a vocational expert regarding Plaintiff's ability to perform her past work. (AT 284–315.)

On March 29, 2017, the ALJ issued a decision determining that Plaintiff was not disabled from her onset date through the present. (AT 23–32.) At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since April 15, 2014. (AT 25.) At step two, the ALJ found Plaintiff had the following severe impairments: right eye blindness, proliferative diabetic retinopathy, history of cerebrovascular accident, coronary artery disease status post quadruple bypass surgery, hypertension, obesity, and type–2 diabetes mellitus with neuropathy. (Id.) However, the ALJ determined at step three that these impairments did not meet

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1)(a). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 404.1520, 404.1571—76; Bowen v. Yuckert, 482 U.S. 137, 140—42 (1987). It is as follows:

>**Step one**: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>**Step two**: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>**Step three**: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>**Step four**: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>**Step five**: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process, while the Commissioner bears the burden at step five. Bowen, 482 U.S. at 146 n.5.

or medically equal the severity of an impairment listed in Appendix 1. (AT 26, citing 20 C.F.R. Part 404, Subpart P, Appendix 1.) Based on the information in the record, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work, with the following restrictions:

> [S]he is able to lift and carry ten pounds frequently and twenty pound[s] occasionally, stand and/or walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. However she is never able to climb ladders ropes or scaffolds or work around unprotected heights and hazardous machinery. She is frequently able to stoop and crouch and she is occasionally able to balance kneel crawl and climb ramps and stairs. The claimant is unable to perform work that requires binocular vision. She must avoid concentrated exposure to fumes odors dusts smoke gasses and poor ventilation.

(Id.) In formulating this RFC, the ALJ stated she compared Plaintiff's symptoms to the objective medical evidence in the record, and considered all opinion evidence given by Plaintiff's physicians. (AT 26–30.) Ultimately, the ALJ concluded at step four that Plaintiff was still capable of performing past relevant work as a recreation aide. (AT 30–31.)

Plaintiff retained counsel, appealed and submitted further documentation. (AT 38–282) On June 27, 2018, the Appeals Council denied Plaintiff's request for remand. (AT 1–7.) Plaintiff then filed this action within sixty days, requesting judicial review of the Commissioner's final decision; the parties filed cross–motions for summary judgment. (ECF Nos. 1, 13, 22, 23.)

## II. LEGAL STANDARD

The Court reviews the Commissioner's decision de novo, and should reverse "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." Buck v. Berryhill, 869 F. 3d 1040, 1048 (9th Cir. 2017). Substantial evidence is more than a mere scintilla, but less than a preponderance; i.e. "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Edlund v. Massanari, 253 F. 3d 1152, 1156 (9th Cir. 2001). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Id. The court will uphold the ALJ's conclusion where "the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F. 3d 1035, 1038 (9th Cir. 2008). Further, the Court may not reverse the ALJ's decision on account of harmless error. Buck, 869 F. 3d at 1048.

## III. ISSUES PRESENTED

Plaintiff contends: (A) the ALJ erroneously understated the functional impact of Plaintiff's vision impairment, need for an assistive device, and cardiac condition; and (B) the Appeals Council erred in failing to remand the case for the ALJ to consider Dr. Kamali's detailed opinion, prepared shortly after the ALJ denied her claim. (ECF No. 13 at p. 4.) Plaintiff argues that a remand for further proceedings is appropriate. (Id. at p. 21.)

The Commissioner argues the ALJ formulated an RFC that included all limitations supported by the record evidence, and the newly–submitted evidence does not reasonably change the ALJ's ultimate conclusion. (ECF No. 19 at pp. 5, 9.) Thus, the Commissioner contends the RFC (and decision as a whole) is supported by substantial evidence, which should result in the ALJ's opinion being affirmed. (Id. at p. 11.)

## IV. DISCUSSION

### A. Substantial evidence supports the ALJ's formulation of Plaintiff's RFC with regards to her left eye, her ambulation, and her cardiac limitations.

A claimant's residual functional capacity is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); see also 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). In formulating an RFC, the ALJ weighs medical opinions and the claimant's credibility. See, e.g., Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1226 (9th Cir. 2009). The ALJ must consider "all of [a claimant's] medically determinable impairments," whether severe or not, when assessing an RFC. 20 C.F.R. §§ 404.1545(a)(2). Here, Plaintiff contends the ALJ, in formulating her RFC, "erroneously understated the functional impact" of three medical conditions.

As to Plaintiff's vision, she contends that while the RFC accounts for her right eye impairment, the ALJ failed to account for her "worsening" vision in her left eye. (ECF No. 13 at p. 14–16.) However, the ALJ does appear to have considered Plaintiff's vision in her left eye:

> Due to the claimant's lack of vision in the right eye, she is found unable to perform work that requires binocular vision; unable to climb ladders, ropes, or

scaffolds; and unable to work around hazards.  The claimant is found, otherwise, able to work because her left eye acuity has remained relatively stable at 20/40 without connection and 20/25 with correction. [Exhibits 3F14, 4F, 11F, and 14F]. In fact, treatment notes, dated November 18, 2016, indicate that the claimant had a visual acuity of 20/25 on the left with correction [Exhibit 11F2-7].

(AT 28.)  Thus, Plaintiff's alleged assignment of error appears to be her attempt to convince the Court to reweigh the evidence in her favor.  Under the applicable standards of review, the Court cannot do so.  Edlund, 253 F. 3d at 1156. ("The ALJ is responsible for . . . resolving conflicts in medical testimony . . . ."); Tommasetti, 533 F. 3d at 1038 (requiring the court to uphold the ALJ's conclusion where "the evidence is susceptible to more than one rational interpretation.").

Plaintiff's other two challenges to the ALJ's interpretation of the evidence, regarding her alleged need for an ambulation device and limitations due to her cardiac surgery, similarly fail. Plaintiff points to certain evidence in the record that could support a more–restrictive RFC, including records showing weakness, pain, and numbness in her arms and legs, unsteady gait, decreased breathing capacity, and use of an assistive device.  (See ECF No. 13 at pp. 16–19.) However, the ALJ did analyze these conditions.  (See AT 29.)  This analysis included a recitation not only of material aspects of Dr. Sharma's January 2015 exam (assigned "significant weight" by the ALJ), but also multiple medical records and findings from her treating physicians.  (Id.)  The ALJ concluded these records demonstrated "generally normal findings except for a couple mild findings," and that Plaintiff was "tolerating chronic medical therapy and was recommended to continue current therapy with recommended diet and exercise"—recommendations she "was not entirely compliant with . . . ."  (Id.)  Thus, while Plaintiff's citation to other portions of the record could have supported a more–restrictive RFC, the scope of the Court's review is limited to determining whether evidence exists "such [that] a reasonable mind might accept as adequate to support a conclusion."  Edlund, 253 F. 3d at 1156.  The ALJ has met her duty here, and so the Court must affirm on this point.  See, e.g., Yelovich v. Colvin, 532 F. App'x 700, 702 (9th Cir. 2013) (substantial evidence supported the ALJ's RFC in relying on medical records indicating the claimant possessed normal ambulation with limited range of motion restrictions and could be treated conservatively with medication and physical therapy).

**B. The additional evidence is immaterial to the ALJ's decision.**

Plaintiff's second assignment of error is to the Appeals Council's failure to consider additional evidence in deciding whether to remand the case to the ALJ for further review. Specifically, Plaintiff argues that the ALJ should have considered the opinion of Dr. Kamali, Plaintiff's treating physician from April 2014 through February 2017.

Dr. Kamali submitted a brief letter to the ALJ on February 23, 2017 (after the hearing but prior to the ALJ's decision), opining that Plaintiff was not fit for gainful employment and should be considered totally disabled. (AT 1108.) In the April 3, 2017 decision, the ALJ considered, and rejected, Dr. Kamali's letter because her opinion was "on an issue reserved to the Commisioner," was "conclusory," was "not supported by signs, laboratory findings, or an explanation," and was inconsistent with "Dr. Kamali's own treatment notes [Exhibits 5F, 8F, and 18F]." (AT 30.) A week later, Plaintiff requested review with the Appeals Council. (AT 391-95.) Sometime around this time, Plaintiff retained her current counsel, who also requested review from the Council. (See AT 397.) Alongside Plaintiff's requests, the Appeals Council received and considered an expanded opinion of Dr. Kamali, which was submitted alongside a collection of Plaintiff's prior medical records. (AT 38–282.) The Appeals Council declined to remand the case to the ALJ in order for this new evidence to be considered. (AT 1–6.) The Council stated that those records generated prior to the ALJ's decision "did not show a reasonable probability that it would change the outcome of the decision," and those records generated after the March 2017 decision "does not relate to the period at issue." (AT 2.) Plaintiff submitted this issue to the Court for further review, and the Commissioner opposed remand.

"[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." Brewes v. Comm'r of Soc. Sec., 682 F.3d 1157, 1163 (9th Cir. 2012). The Ninth Circuit has instructed that to warrant a remand, the new evidence must be material to the condition as it existed at or before the disability hearing. Sanchez v. Sec'y of Health & Human Servs., 812 F.2d 509, 512 (9th Cir. 1987) (citing 42 U.S.C. § 416(i)(2)(G)). This requirement is so unless the

claimant's disability arises from a long-term impairment that was "squarely before" the ALJ or Appeals Council—then evidence of later deterioration is material if it relates to the claimant's condition at the time of the hearing. See Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir. 1984). Materiality is shown via a "reasonable possibility that the new evidence would have changed the outcome" of the ALJ's decision. Booz v. Sec'y, 734 F.2d 1378, 1380 (9th Cir. 1984.)

Before this Court, Plaintiff contends the following specific records have a reasonable probability of altering the ALJ's decision: (1) treatment records from Dr. Kamali, generated between January 2017 and April 2018, noting Plaintiff's right hip and thigh pain, weakness on the right side, elevated glucose levels, and right shoulder pain. (See AT 38–39, 116–53); and (2) a May 11, 2017 medical source statement from Dr. Kamali, noting Plaintiff's limited range of motion, limited ability to lift, carry, stand, walk without assistance, environmental restrictions, and need for extra rest (see AT 280–81).

The Court agrees with the Appeals Council that the above records do not show a reasonable probability that the ALJ's decision would be different had those records been presented. Dr. Kamali's medical records indicate impairments that are not out of line with other records considered by the ALJ. (See AT 28–29, citing multiple medical records over an extended period indicating she is "well–accommodated for by a reduction to light work with environmental and postural limitations.") Further, Dr. Kamali's check–box medical source statement is inconsistent with the findings of multiple other medical sources as well as some of the doctor's own findings. (See AT 30.); see, e.g., Korenica v. Astrue, 346 F. App'x 141, 142 (9th Cir. 2009) (finding the ALJ gave a specific and legitimate reason for discrediting a treating doctor's check-the-box medical source statement where the check–box statements contradicted the doctor's and other medical sources' findings). Thus, these records are immaterial to the ALJ's decision, and so do not warrant remand.[3] Sanchez, 812 F.2d at 512; Booz, 734 F.2d at 1380.

---

[3] The Court notes that in the body of Plaintiff's brief, she also references two reports from Dr. Magallanex regarding Plaintiff's left–eye vision, issued October 2016 and January 2018. (See AT 46–56). To the extent Plaintiff intends for the Court to review these reports as "additional evidence," the Court similarly finds the records immaterial. As noted in the ALJ's decision, Plaintiff's left–eye vision was considered. In fact, the ALJ explicitly referenced a November 2016 report that with correction "her left eye acuity has remained relatively stable[.]" (AT 28.)

7

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is DENIED;
2. The Commissioner's cross-motion for summary judgment (ECF No. 22) is GRANTED;
3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner; and
4. The Clerk of Court shall CLOSE this case.

Dated: February 25, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

soto.2286